IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEI CHEPILKO, <br><br>                    Plaintiff, <br><br>     v. <br><br> CITY OF ATLANTIC CITY, et al., <br><br>                    Defendants. | Civil No. 09-cv-2085-NLH-JS <br><br><br> **OPINION** |

**APPEARANCES**:

Sergei Chepilko
501 Surf Ave., Apt. 13A
Brooklyn, NY 11224
*Plaintiff, Pro se*

Patrick J. Wolfe, Jr. Esq.
ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.
Five Greentree Centre, Suite 303
Marlton, NJ 08053-1536
*Attorneys for Defendants*

**HILLMAN**, District Judge:

This matter comes before the Court on the motion of Defendant City of Atlantic City and Defendant David Davidson, for Judgment on the Pleadings.  For the reasons expressed below, Defendants' Motion will be granted and Plaintiff's Complaint will be dismissed.

**BACKGROUND**

Plaintiff is a resident of the Borough of Brooklyn in New

1

York City, New York.[1]  On April 29, 2006 at approximately 5:00 p.m., Plaintiff alleges that he was lawfully present on the Atlantic City Boardwalk in Atlantic City, New Jersey advertising his photography services for hire with a folder containing samples of instant photographs.  At some point during the evening Plaintiff was allegedly approached by Defendant, Police Officer David Davidson ("Davidson"), who demanded to see a mercantile license.  After Plaintiff produced his Certificate of Authority, Davidson asked him to cease advertising on the boardwalk.  When Plaintiff inquired as to the basis for this, Davison ordered him to turn around and put his hands behind his head, searched his body including his groin area, forcefully removed his wallet, removed his identification from his wallet, and proceeded to question him about his identification.  Davidson then instructed Plaintiff to leave the Boardwalk under the threat of arrest.

After leaving the Boardwalk, Plaintiff called 911 and complained about Davidson's conduct.  In response, Sergeant Brody arrived and allowed Plaintiff to remain on the Boardwalk, but prohibited him from selling instant photographs.  Subsequently, on October 22, 2006 and November 11, 2006, Plaintiff returned to

---

[1] Given that the present matter comes before the Court by way of Defendants' Motion for Judgment on the Pleadings, Plaintiff's allegations are accepted as true and viewed in a light most favorable to Plaintiff, as is required when reviewing such a motion.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

the Atlantic City Boardwalk.  Plaintiff asserts that on both trips back to the boardwalk he was issued a summons for violating Atlantic City's municipal ordinances which prohibit the sale of merchandise on its boardwalk without a license.

On April 28, 2009, Plaintiff, who is representing himself *pro se*, filed a Complaint in the United States District Court for the Eastern District of New York against the moving Defendants and Sergeant Brody.[2]  The court found, *sua sponte*, that pursuant to 28 U.S.C. § 1391, venue was not proper "[s]ince defendants are deemed to reside in New Jersey, and the events or omissions giving rise to plaintiff's claim occurred in New Jersey."  Accordingly, on May 4, 2009, the court entered an Order transferring the case to this Court pursuant to 28 U.S.C. § 1406(a).  On July 6, 2009, Defendants filed their Answer, asserting the statute of limitations as an affirmative defense.  Defendants now move for judgment on the pleadings.

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

---

[2] Service was attempted on Sergeant Brody but no such person exists within the Atlantic City Police Department.

**B.     Standard for Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), any party may file for a judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991); Fed. R. Civ. P. 12(c).  Rule 12(h)(2)(B) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." Id.; Fed. R. Civ. P. 12(h)(2)(B).  Therefore, in a Rule 12(c) motion for a judgment on the pleadings, this Court applies the same legal standards pursuant to Rule 12(b)(6).  Id.

When considering a motion to dismiss a complaint under Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set

4

forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 562 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that

no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Additionally, when a plaintiff proceeds *pro se* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citation omitted).  A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (internal quotation marks and citation omitted).  However, *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure."  McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to explain mistakes by those who proceed without counsel.").  In liberally construing a *pro se* plaintiff's complaint, a court should "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

**C.   Analysis**

Plaintiff's Complaint alleges violations of his Constitutional rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.  Specifically, Plaintiff alleges violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  In addition, Plaintiff asserts a common law claim for intentional infliction of emotional distress ("IIED").  As set forth more fully below, Plaintiff's claims must be dismissed.

   **1.   Statute of Limitations**

      **a.   Federal Claims**

Defendants assert that Plaintiff's Constitutional claims must be dismissed because they fail to comply with the applicable statute of limitations.  Actions brought pursuant to § 1983 "are governed by the personal injury statute of limitations of the state in which the cause of action accrued."  O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006); see also Kirkland v. Morgievich, No. 04-1651 (SDW-MCA), 2008 WL 5272028, at *7, *10 (D.N.J. Dec. 16, 2008) (applying New Jersey's two-year statute of limitation to Fourth and Fourteenth Amendment claims); Muhammad v. Dep't of Corr., 645 F. Supp. 2d 299, 309 (D.N.J. 2008) (same for Eighth Amendment claims); Myers v. County of Somerset, 515 F. Supp. 2d 492, 501 (D.N.J. 2007) (same for First Amendment claims).  Since the cause of action arose in Atlantic City, New

Jersey, the Court must apply New Jersey's statute of limitations for personal injury actions, which allow two years to bring an action.  See Myers, 515 F. Supp. 2d at 501; N.J. Stat. Ann. § 2A:14-2.

The date of accrual for § 1983 causes of action is a question of federal law.  See Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).  The accrual period "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (internal citation omitted).  Moreover, "[i]n cases of false arrest, the plaintiff will be aware both of his injury, *i.e.*, the wrongful arrest, and those responsible for the injury, *i.e.*, the police, at the time of arrest, therefore, no delay in the accrual of the cause of action is necessary."  Rolax v. Whitman, 175 F. Supp. 2d 720, 727 (D.N.J. 2001).

Here, Plaintiff alleged that his Constitutional rights were violated on April 29, 2006; October 22, 2006; and November 11, 2006.  At that time, Plaintiff was aware of both his injury and the responsible party.  However, Plaintiff did not file his Complaint in the United States District Court for the Eastern District of New York until April 28, 2009, well beyond the two year statute of limitations.  Accordingly, having failed to

comply with New Jersey's two-year statute of limitations, Plaintiff's § 1983 claims must be dismissed.[3]

Plaintiff appears to raise three arguments as to why his Complaint should survive the statute of limitations, which will each be addressed in turn.  First, to the extent that Plaintiff seeks to argue that New York law and its three-year statute of limitations should apply to this matter, such argument is unavailing.  The Court of Appeals for the Third Circuit Court holds that when a case is transferred pursuant to § 1406(a), the law of the transferee forum applies. Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, 439 F. Supp. 2d 337, 340 (D. Del. 2006), aff'd, 317 Fed. App'x 169, 172 (3d Cir. 2009).  Any rule to the contrary could result in the absurd situation where "the plaintiff could benefit from having brought the action in an impermissible forum.  Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of

---

[3] Even assuming *arguendo* that Plaintiff filed his claim within the statute of limitations, his Fifth Amendment claim still fails as a matter of law.  The Fifth Amendment restricts only federal government action and therefore "do[es] not apply to the actions of state officials." Myers v. County of Somerset, 515 F. Supp. 2d 492, 504 (D.N.J. 2007).  In the instant case, Plaintiff names only the City of Atlantic City, a municipal corporation, and two police officers who are employees of the Atlantic City Police Department as defendants.  With no allegations of federal government action, Plaintiff cannot state a claim upon which relief can be granted under the Fifth Amendment.

whether that district court was a proper forum." Id. (quoting Martin v. Stokes, 623 F.2d 469, 472 (6th Cir. 1980)). This case was transferred from the Eastern District of New York to this Court, which sits in the District of New Jersey. As the transferee forum, this Court must apply New Jersey law and its two-year statute of limitations.

Second, to the extent that Plaintiff argues that the continuing violations doctrine extends the running of the statute of limitations for his § 1983 claims, any such argument must fail. The continuing violations doctrine is an "equitable exception to the timely filing requirement." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). To establish a continuing violations exception, a plaintiff must first demonstrate that: (1) a violation occurred within the filing period; and (2) the defendant's actions were "more than the occurrence of isolated or sporadic acts of intentional discrimination." West v. Phila. Elec. Co., 45 F.3d 744, 754-55 (3d Cir. 1995).

In this case, Plaintiff fails to meet the first requirement of the continuing violations doctrine because he has failed to allege any violation of his rights within New Jersey's two-year statute of limitations period. Plaintiff's only allegations of actionable conduct occurred on April 29, 2006; October 11, 2006; and November 11, 2006, none of which occurred within two years of

10

the date he filed his Complaint.  Although, taking Plaintiff's allegations as true, there appears to be a pattern of misconduct, no actionable conduct against Plaintiff has been alleged during the two-year filing period.  See Soppick v. Borough of West Conshohocken, 118 Fed. App'x 631, 636 (3d Cir. 2004) (holding that "ongoing pattern of misconduct" does not comprise a continuing violation without a violation within the filing period).

Third, Plaintiff also seems to argue that Atlantic City's continued enforcement of its allegedly unconstitutional municipal ordinances are part of a continuing violation of his rights.  However, to challenge the continued enforcement of an allegedly unconstitutional ordinance an injury must have been inflicted during the statutory period.  See Kuhnle Bros.v. County of Geauga, 103 F.3d 516, 521 n.4, 522-23 (6th Cir. 1983) (cited with approval in Cowell, 263 F.3d at 293).  Again Plaintiff fails to meet the first prong of the continuing violations doctrine because he has not alleged any actionable conduct against him within the applicable two-year period.  See Cowell, 263 F.3d at 293 ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.").  Accordingly, this argument does not save Plaintiff's claims from being outside the statute of limitations.

### b. State Claim

Defendants also assert that Plaintiff's IIED claim must be dismissed because it was filed outside the applicable statute of limitations. Since Plaintiff's IIED claim is brought against a public entity and public employees, the requirements of the New Jersey Tort Claims Act ("NJTCA") are triggered. See Velez v. City of Jersey City, 850 A.2d 1238, 1242 (N.J. 2004); Garlanger v. Verbeke, 223 F. Supp. 2d 596, 602 (D.N.J. 2001). Under the NJTCA, a plaintiff must bring any action against a public entity or public employee within two years of the accrual of the claim. See N.J. STAT. ANN. § 59:8-8(b); see also Campanello v. Port Authority of New York & New Jersey, 590 F. Supp. 2d 694 (D.N.J. 2008) (holding that two-year statute of limitations applied to IIED claim); Velez, 850 A.2d at 1242. The date of accrual for a claim under the NJTCA is the date when the allegedly wrongful conduct occurred, provided that the victim was aware of the injury and responsible party at the time. See Beauchamp v. Amedio, 751 A.2d 1047, 1050 (N.J. 2000). In the instant case, while Plaintiff's cause of action accrued on June 29, 2006, he did not file his Complaint until April 28, 2009. Plaintiff's IIED claim is thus beyond the two-year statute of limitations and must be dismissed.[4]

---

[4] Any potential argument by Plaintiff regarding the application of New York law or the continuing violations doctrine

**2. Section 1988 Claim**

Plaintiff also seeks relief under 42 U.S.C. § 1988(b), which allows a plaintiff to recover attorneys fees in an action to enforce rights under 42 U.S.C. § 1983.  See County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001).  Since Plaintiff's § 1983 claims are barred by the applicable statute of limitations, Plaintiff cannot recover attorneys fees under § 1988(b).  Accordingly, this claim must be dismissed.

### CONCLUSION

For the reasons expressed above, Defendants' Motion for Judgment on the Pleadings will be granted and Plaintiff's Complaint dismissed.  An appropriate Order will be entered.


Date: March 29, 2010          s/ Noel L. Hillman
                              HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

with respect to his IIED claim must fail for the same reasons expressed with respect to his Constitutional claims above.